**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANTHONY SARACCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 19-cv-03005 |
| v. ) | |
| ) | Hon. Martha M. Pacold |
| FEDERAL EXPRESS CORPORATION, ) | |
| UNKNOWN DRIVER, ) | |
| ) | |
| Defendants. ) | |
| ------------------------------------------------- ) | |
| ) | |
| FEDERAL EXPRESS CORPORATION, ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FLORIDA METROLOGY LLC dba ) | |
| ACME METROLOGY, ) | |
| ) | |
| Third Party Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This case was removed from the Circuit Court of Cook County based on diversity jurisdiction. Before the court are two motions by Plaintiff Anthony Saracco: a motion for leave to correct the complaint to substitute a named defendant, Robin Gaddo, for the previously unknown driver defendant (Dkt. 39), and a motion to remand the case to state court, because both Saracco and Gaddo are citizens of Illinois (Dkt. 41). For the reasons explained below, the court grants the motions and remands the case.

## BACKGROUND

In the complaint and Saracco's jurisdictional filings, Saracco alleges as follows: FedEx owned and operated an "ETV" vehicle at a FedEx shipping location at O'Hare Airport in Chicago, Illinois. (Compl., Dkt. 1-1, at 9 ¶ 1.) An ETV, or "ByPass Car," is a freight moving vehicle. (Pl.'s Resp. to Deft.'s Juris. Statement, Dkt. 38, at 2.) A "cab" sits on the ETV's deck. (*Id.*) The cab contains the controls for the operation of the ETV. (*Id.*)

On January 11, 2019, Saracco, an employee of Acme Metrology, was working at the FedEx shipping facility at O'Hare. (Dkt. 1-1 at 9-10.) Saracco and a FedEx employee were in the ETV cab. (Dkts. 38 at 2; 38-2 at 1.) The FedEx employee attempted to move the ETV but struck a beam on an Acme Metrology truck, knocking the cab off the deck and injuring Saracco. (*Id.*; *see also* Deft.'s Juris. Statement, Dkt. 34, at 2.)

Saracco originally filed suit in the Circuit Court of Cook County on April 4, 2019, naming as defendants FedEx Corporate Services, Inc., FedEx Corporate Offices, and an unknown driver. (Dkt. 1-1 at 9.)

On May 7, 2019, FedEx Corporate Services, Inc. removed the case to federal court based on diversity jurisdiction. (Dkt. 1.)

The parties exchanged initial discovery responses as part of the Mandatory Initial Discovery Pilot (MIDP) program. (Dkts. 16 at 1; 17 at 2.) On August 7, 2019, the court set a schedule, including, among other deadlines, a deadline of September 9, 2019, for the issuance of written discovery, a deadline of February 15,

2020, for the close of fact discovery, and a deadline of February 1, 2020, for final supplementation of MIDP discovery. (Dkt. 19 (Bucklo, J.).)

On August 23, 2019, the case was reassigned to this judge. (Dkt. 20.) The parties served written discovery requests. (Dkts. 22 at 1, 26 at 3.)

On October 29, 2019, Saracco moved for leave to amend the complaint to name Federal Express Corporation ("FedEx") instead of the originally named FedEx defendants, while continuing to name the unknown driver. (Dkts. 27, 27-1.)

On October 30, 2019, the court held a reassignment status hearing and hearing on the October 29, 2019 motion for leave to amend. (Dkt. 29.) The court granted the motion. (*Id.*) The court also extended the deadline for the close of fact discovery to March 15, 2020 and the deadline for final supplementation of MIDP discovery to March 1, 2020. (*Id.*)

At the October 30, 2019 hearing, the court also asked the parties about the effect, if any, on diversity jurisdiction of the unknown driver's citizenship. At the court's request, FedEx filed a jurisdictional statement on November 20, 2019 (Dkt. 34) and Saracco filed a response on December 11, 2019 (Dkt. 38). FedEx's jurisdictional statement named the unknown driver of the ETV, Gaddo, and stated that Gaddo was an Illinois citizen. (Dkt. 34 at 3.) There is no dispute that Saracco is an Illinois citizen. (*Id.*; *see also* Joint Status Report for Reassigned Case, Dkt. 26, at 1.)

On December 11, 2019, Saracco filed the currently pending motions for leave to correct the complaint to substitute Gaddo for the unknown driver defendant

3

(Dkt. 39) and to remand the case to state court (Dkt. 41). Saracco asserts that, when he filed the original complaint and when the case was removed, he did not know the identity or citizenship of the unknown driver (*id.* at 1 ¶ 3), and that FedEx disclosed for the first time in its November 20, 2019 jurisdictional statement that Gaddo was the operator (*id.* at 1 ¶ 4). FedEx filed a response to Saracco's motion to remand. (Dkt. 43.) Saracco filed a reply. (Dkt. 45.)

## DISCUSSION

Saracco makes two arguments for remand. First, Saracco contends that this is a case of misnomer. (Dkt. 38 at 3-4.) Saracco argues that he is not seeking to add an additional defendant, but merely seeks to correct the complaint to substitute Gaddo for the unknown driver defendant. (*Id.*; Dkt. 45 at 2.) Saracco contends that this substitution falls within 28 U.S.C. § 1447(c)[1] rather than § 1447(e),[2] and that the court should remand the case to state court under § 1447(c). (Dkt. 45 at 2.) Second, Saracco argues that even if the court considers the substitution of Gaddo a joinder within the meaning of § 1447(e), the court should permit joinder and remand the case. (Dkts. 38 at 5-8; 45 at 2-4.) The court addresses these arguments in turn.

---

[1] Section 1447(c) provides in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."
[2] Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

4

## I. Misnomer

The Illinois misnomer doctrine is codified at 735 ILCS 5/2–401(b): "Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." The court declines to apply the doctrine here.

First, as in *Klinger v. City of Chicago*, No. 15-cv-01609, 2017 WL 736895 (N.D. Ill. Feb. 24, 2017), "neither party has clarified to the Court whether the misnomer doctrine, which is an Illinois rule, applies in federal court to Plaintiff's . . . state law claims." *Id.* at *5.

Second, Saracco seeks to name a previously unknown defendant. The Seventh Circuit and Northern District of Illinois decisions have declined to find misnomer in similar circumstances. *See Athmer v. C.E.I. Equip. Co. Inc.*, 121 F.3d 294, 296 (7th Cir. 1997) ("This is not a misnomer case. The plaintiff had no idea at the time he filed the original complaint who the tortfeasor was that he was trying to sue. He knew that it was whoever had manufactured the truck bed but he did not know the identity of that manufacturer."); *Klinger*, 2017 WL 736895, at *5 (citing *Athmer* and declining to find misnomer when, at the time plaintiff filed suit, plaintiff did not know the identity of the defendant at issue); *Samier v. Weimer*, No. 00-cv-50427, 2002 WL 206472, at *1 (N.D. Ill. Feb. 11, 2002) ("While plaintiff tries to characterize this as a case of simple misnomer, it is really a case where an unknown party is named originally."); *cf. Cue v. Learjet Inc.*, 837 F. Supp. 2d 788, 791 (N.D. Ill. 2011) (the Illinois misnomer "rule is a 'narrow one' and Illinois courts

5

have 'consistently distinguished the misnomer rule from rules applicable to mistake in identity'") (quoting *Barbour v. Fred Berglund & Sons, Inc.*, 567 N.E.2d 509, 511–12 (Ill. App. Ct. 1990)).

Saracco argues that § 1447(e) does not apply to an attempt to substitute a named defendant for a previously unknown defendant. Section 1447(e) governs attempts by the plaintiff "to join additional defendants whose joinder would destroy subject matter jurisdiction." Saracco brought suit against an unknown driver defendant in the original complaint. Saracco contends that he now seeks not to join an additional defendant, but to substitute a named defendant for the unknown driver defendant, and that § 1447(e) does not govern these circumstances.

The court does not have the benefit of fulsome briefing on this issue. The parties' briefs focus primarily on the application of § 1447(e). Also, it appears that the First, Fifth, and Sixth Circuits have applied § 1447(e) to the identification of fictitious defendants after removal. *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 541 (6th Cir. 2006); *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001); *Casas Office Machines, Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 674 (1st Cir. 1994). The court therefore turns to § 1447(e).

## II.     Section 1447(e)

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "When joinder of a nondiverse party would destroy subject matter jurisdiction,

6

28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court. These are the only options; the district court may not permit joinder of a nondiverse defendant *and* retain jurisdiction." *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 759 (7th Cir. 2009) (footnote and internal citations omitted) (emphasis in original). "A district court has discretion to permit or deny post-removal joinder of a nondiverse party, and the court should balance the equities to make the determination." *Id.* The Seventh Circuit has instructed courts to consider the following factors in making the determination:

> (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations.

*Id.*

There is no dispute that naming Gaddo as a defendant would destroy subject matter jurisdiction. Saracco and Gaddo are both citizens of Illinois. *See Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676 (7th Cir. 2006) (28 U.S.C. § 1332 "requires 'complete diversity,' meaning that no plaintiff may be from the same state as any defendant"). The court therefore considers the *Schur* factors to determine whether Saracco should be permitted to name Gaddo in place of the unknown driver defendant.

As to the first factor, "A plaintiff typically may choose its own forum, but it may not join a nondiverse defendant simply to destroy diversity jurisdiction." *Id.* at 763. FedEx contends that "[a]voiding Federal Court is at least a big part of Plaintiff

7

naming Robin Gaddo at this stage." (Dkt. 43 at 2.)  Saracco's request to name Gaddo may be motivated in part by a desire to proceed in state court.  However, the record as a whole does not support a conclusion that Saracco seeks to add Gaddo merely to destroy diversity jurisdiction.  Saracco has sought to proceed against the driver all along.  He brought suit against the driver (as an unknown driver defendant) in the original complaint.  (Dkt. 1-1 at 9.)  He included in the original complaint allegations concerning the driver: that the "Defendant(s) had a duty to exercise reasonable care for the safety of the Plaintiff" (Dkt. 1-1 at 10 ¶ 4), and that the "Defendant(s) . . . [f]ailed to adequately place or operate said ETV[,] . . . drove the ETV vehicle and struck a beam[,] . . . [and] [p]ermitted the ETV to tip over . . ." (*id.* at 10 ¶ 5(a), (c), (d)).

Although the fraudulent joinder doctrine is understandably not a significant focus of the parties' arguments, the court addresses the doctrine because it is a relevant, but non-dispositive, tool for assessing a plaintiff's motives, *Schur*, 577 F.3d at 763-64, and because it provides a framework for weighing some of the considerations that the parties have raised.  "The 'fraudulent joinder' doctrine . . . permits a district court considering removal 'to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Id.* at 763.  "[A]lthough the fraudulent joinder doctrine is not directly applicable to the post-removal context, it can be a relevant factor for determining whether to permit

joinder under § 1447(e)," as it is "one means to discern whether the plaintiff sought only to destroy complete diversity." *Id.* at 764. *Schur* explained:

> Fraudulent joinder is difficult to establish—a defendant must demonstrate that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant. . . . Framed a different way, the district court must ask whether there is any reasonable possibility that the plaintiff could prevail against the non-diverse defendant. . . . A defendant faces a heavy burden to demonstrate that the joinder is fraudulent, . . . and some courts, including district courts within this circuit, have suggested that the burden is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) . . . . In conducting this analysis, a district court must turn to state law to determine whether the plaintiff has any reasonable possibility of success.

*Schur*, 577 F.3d at 764 (citations and internal quotation marks omitted). *Schur* further explained that, under Illinois law:

> "Whether the employer is held vicariously liable for the agent's conduct, . . . does not affect the agent's independent tort liability. . . . Thus, an agent can be individually liable even where his employer is *also* vicariously liable." . . . [A]n agent is liable in tort to a third party harmed by the agent's conduct when the agent breaches an independent duty that she owes *to the third party*. . . . Whether a duty exists is a question of law. It is well settled that every person owes a duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of an act, and such a duty does not depend upon contract, privity of interest or the proximity of relationship, but extends to remote and unknown persons. . . . To determine whether an individual owed a duty to another, a court considers whether the risk of harm was reasonably foreseeable.

*Id.* at 765-66 (citing Illinois cases) (emphases in original).

Applying this framework, and considering the allegations in the complaint about the role of the driver in the incident, the court cannot conclude that Saracco

9

has no reasonable possibility of success against Gaddo individually.[3] *See, e.g., Imber v. Home Depot USA, Inc.*, No. 17-cv-07777, 2018 WL 5977923, at *3 (N.D. Ill. Nov. 14, 2018) ("Imber alleges that Gross was an active tortfeasor and liable for his injuries independent of any duty owed to him by Home Depot. . . . Because it is reasonably possible that a state court could find for Imber against Gross individually, Home Depot has not shown that Imber seeks to add Gross to the instant suit merely to defeat diversity jurisdiction."); *Snyder v. Wal-Mart Stores, Inc.*, No. 18-cv-00583, 2018 WL 1586246, at *6 (N.D. Ill. Apr. 2, 2018) ("Plaintiffs allege Davis was an active tortfeasor and, therefore, liable for their injuries independent of any duty owed to them by Wal-Mart."). The first factor therefore favors joinder.

The next factor is the timeliness of the request to amend. FedEx argues that Saracco has known Gaddo's name all along. (Dkt. 43 at 3.) FedEx argues that the case has proceeded in federal court since May 7, 2019; that plaintiff's own initial disclosures, served June 19, 2019, included a document entitled "Anthony Saracco Statement to the Accident on 1-11-19," dictated or prepared a week after the accident, that referred multiple times to "Robbie" as the FedEx employee who was in the ETV with Saracco; and that on July 23, 2019, FedEx served initial disclosures identifying Gaddo as the only FedEx employee with knowledge of the circumstances of the incident. (Dkts. 34 at 2, 4; 43 at 3.) FedEx contends that Saracco "knew at a minimum at the time of the occurrence that the FedEx employee

---

[3] The court expresses no view one way or another about the ultimate merits.

10

involved in this incident was named 'Robbie'" and knew as of FedEx's July 23, 2019 initial disclosures that the only FedEx employee FedEx listed as having knowledge of the circumstances of the incident was Robin Gaddo. (Dkt. 43 at 4.) Yet, FedEx contends, Saracco did not seek to name Gaddo as a defendant until the court raised the jurisdictional issue at the reassignment status conference on October 30, 2019. (*Id.*)

In response, Saracco contends that FedEx's July 23, 2019 initial disclosures did not disclose that Gaddo was the driver or that he is an Illinois citizen; that Saracco requested this information in his September 11, 2019 interrogatories to FedEx; and that FedEx first disclosed this information in the November 20, 2019 jurisdictional statement. (Dkts. 38 at 1, 7; 38-2 at 28 ¶ 3 (September 11, 2019 Saracco interrogatory to FedEx) ("This request includes identifying the operator of the ETV.").) Saracco argues that he "was not legally required to speculate or otherwise assume that Robin Gaddo was in fact the driver" without confirming Gaddo's role by issuing the September 11, 2019 written discovery and interrogatory seeking identification of the ETV operator. (Dkt. 45 at 4.)

In concluding that a proposed amendment joining new defendants was timely, *Schur* explained that the record showed that the plaintiff sought leave to join new defendants "only after learning of their roles," as opposed to their identities. *Schur*, 577 F.3d at 767; *see also Imber,* 2018 WL 5977923, at *3 (discussing state of discovery as to defendant's role, and noting that "Imber now seeks leave to amend his complaint after establishing a reasonable basis for joining

11

Gross as a defendant in this matter"); *McIntosh v. HSBC Bank USA, N.A.*, 891 F. Supp. 2d 985, 989 (N.D. Ill. 2012) ("Based on the materials submitted by the parties, McIntosh's request to amend her complaint is timely. Although she was given IHPS' name as an entity involved with the property about a year ago, its role in maintaining the premises did not become clear until recently, and McIntosh moved to amend at that time.").

Here, based on the record as a whole and in the circumstances of this particular case, it was reasonable for Saracco to seek confirmation of Gaddo's role before moving to name him as a defendant. Saracco requested the identity of the ETV operator in the September 11, 2019 written discovery. Saracco did not receive confirmation of Gaddo's role until the November 20, 2019 jurisdictional statement. Saracco moved to amend the complaint on December 11, 2019, three weeks after receiving that confirmation. Considering all these circumstances, the request to amend was timely. The second factor favors joinder.

The third factor is whether the plaintiff will be significantly injured if joinder is not allowed. FedEx argues that it has explicitly agreed to defend and indemnify Gaddo, that Gaddo is not an indispensable party, and that FedEx has a right to a federal forum. (Dkts. 34 at 5; 43 at 4-5.) Saracco contends that he is entitled to "confront his wrong-doer in Court and to have the jury appreciate and understand that Plaintiff has brought suit against the real tortious actor," and that "Gaddo should not be permitted to hide behind a faceless corporation." (Dkt. 38 at 6.) FedEx responds that Saracco "does not actually establish that litigating the case in

12

this Court will result in either circumstance." (Dkt. 43 at 5.) The implication is that Gaddo could be called as a witness, even if he were not a defendant.

In the circumstances of this case, the court takes FedEx at its word that it would defend and indemnify Gaddo. *Compare Calzoncit v. Menard, Inc.*, No. 17-cv-01824, 2018 WL 558512, at *2 (N.D. Ill. Jan. 24, 2018) ("given the language of the contract, and the lack of documentation to support Menard's position, it would be unreasonable to expect Plaintiffs to refrain from protecting its rights, and pursuing its claims against [a company that had contracted with Menard], solely because of Menard's oral assurances" that it had assumed responsibility).

Based in part on its commitment to indemnify Gaddo, FedEx argues that Gaddo is not an indispensable party. (Dkt. 34 at 5.) Section 1447(e), however, does not require that the proposed new defendant be indispensable. *See Destiny Health, Inc. v. Connecticut Gen. Life Ins. Co.*, 741 F. Supp. 2d 901, 906 (N.D. Ill. 2010) ("In order to permit joinder of a diversity-defeating party after removal, it is not necessary that the non-diverse party be one that is indispensable to just adjudication of a lawsuit within the meaning of Rule 19 of the Federal Rules of Civil Procedure.") (citing cases).

Any FedEx interest in a federal forum must be balanced against Saracco's interest in avoiding parallel litigation in state and federal courts, as well as the consequent harm to judicial economy and potential for conflicting results. *See Imber*, 2018 WL 5977923, at *4; *Calzoncit*, 2018 WL 558512, at *2; *McIntosh*, 891 F. Supp. 2d at 990; *Destiny Health*, 741 F. Supp. 2d at 910. Saracco named

13

the unknown driver as a defendant, and alleged that the driver played a role in the incident, from the outset of the case. As a practical matter, it is unclear, given FedEx's commitment to indemnify Gaddo, whether Saracco actually would file a separate lawsuit in state court if this court were to deny the joinder of Gaddo; but that would be Saracco's only choice if this case were to proceed against FedEx in federal court and Saracco wanted to proceed against Gaddo. Under these circumstances, the third factor favors joinder.

The fourth factor is any other relevant equitable considerations. FedEx argues that remand will impose delay and expense on all parties. (Dkt. 34 at 6.) FedEx observes that the case has been pending in this court since May 2019, initial disclosures have been exchanged, a discovery schedule is in place, and FedEx has filed a third-party complaint. (*Id.*; Dkt. 43 at 5.) However, the case is still at a relatively early stage, and the parties can use after remand the written discovery that has already occurred. This factor favors joinder.

## CONCLUSION

The *Schur* factors weigh in favor of joinder. Saracco's motions for leave to correct the complaint to substitute Gaddo for the previously unknown driver defendant [39] and to remand the case to state court [41] are granted. The case is remanded to state court.

ENTERED:

Date: February 10, 2020         /s/ Martha M. Pacold